UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW KEITH ALWARD,

    Petitioner

v.

WARDEN, LSCI-ALLENWOOD,

    Respondent.

CIVIL ACTION NO. 3:24-CV-00792

(MEHALCHICK, J.)

**MEMORANDUM**

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Matthew Keith Alward ("Alward"), an inmate confined at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania. (Doc. 1). Alward asserts that he is entitled to additional credit on his state sentences. For the reasons set forth below, the Court will dismiss the petition.

**I.**    **BACKGROUND AND PROCEDURAL HISTORY**

Alward is serving a 120-month term of imprisonment imposed by the United States District Court for the Western District of Michigan on December 3, 2020, for conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine. (Doc. 30-3, at 3). His current projected release date is June 4, 2027, via First Step Act credit release. (Doc. 30-3, at 2-3).

When Alward was sentenced in Michigan federal court in 2020, he had pending charges in Michigan state court—in the Third Judicial Circuit of Michigan and the 22nd Judicial Circuit of Michigan. *See Michigan v. Alward*, Case No. 19-6351 (Third Judicial Circuit of Michigan), docket available at:

https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3742292; *Michigan v. Alward*, Case

No. 19-750 (22nd Judicial Circuit of Michigan), docket available at: https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=387352. On April 14, 2023, the Third Judicial Circuit of Michigan sentenced Alward to a term of imprisonment of two to five years, to run concurrent with his federal sentence. *See Michigan v. Alward*, Case No. 19-6351. Alward received 850 days of credit for time served. *See Michigan v. Alward*, Case No. 19-6351. On August 8, 2023, the 22nd Judicial Circuit of Michigan sentenced Alward to a term of imprisonment of three to five years, to run concurrent with his federal sentence. *See Michigan v. Alward*, Case No. 19-750. Additionally, Alward received 900 days of credit for time served. *See Michigan v. Alward*, Case No. 19-750.

The Administrative Remedy Generalized Retrieval reveals that Alward filed 16 administrative remedies while in the custody of the federal Bureau of Prisons ("BOP"), but none of those remedies concern the computation of his state or federal sentences. (Doc. 30-4).

In his § 2241 petition, Alward contends that he is entitled to additional credit on his state sentences. (Doc. 1). Specifically, he claims that his state sentences should have commenced on November 2, 2019, the date he was taken into custody by the United States Marshals Service. (Doc. 1, at 2; Doc. 1, at 6-7). He thus requests that this Court "change [the] jail credit on [his] state cases." (Doc. 1, at 7).

Respondent argues that Alward's § 2241 petition must be dismissed because: (1) the BOP has no authority to compute Alward's state sentences; and (2) Alward failed to exhaust his administrative remedies before filing the instant habeas petition. (Doc. 30). The Court addresses each argument in turn.

**II.    DISCUSSION**

   A.   THE BOP LACKS AUTHORITY TO COMPUTE ALWARD'S STATE SENTENCES

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the "execution" of his confinement, *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

The BOP generally determines the date upon which a *federal* sentence commences. *See, e.g.*, *Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011) (not precedential). The calculation of jail time credits for a state law conviction is a matter of state law. *See, e.g.*, *Rashid v. Quintana*, 372 F. App'x 260, 263 n.2 (3d Cir. 2010) (not precedential) ("[habeas petitioner's] suggestion that the BOP failed to follow the order of the state sentencing court lacks merit because the BOP is not authorized to compute state sentences"); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (not precedential) ("A state court's alleged misinterpretation of state…crediting statutes is a matter of state concern only."); *Travis v. A.L. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (not precedential); *Lewis v. Caldwell*, 609 F.2d 926, 928 (9th Cir. 1980) (not precedential); *Hoover v. Snyder*, 904 F. Supp. 232, 234 (D. Del. 1995) (not precedential). "Because '[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee,' the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Travis v. A.L. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (quoting *Patino v. South Dakota*, 851 F.2d 1118, 1120 (8th

Cir. 1988)). Accordingly, the Court must dismiss Alward's claim as not cognizable in this federal habeas proceeding.

B. EXHAUSTION OF ADMINISTRATIVE REVIEW

Assuming *arguendo* that Alward's claim is properly before the Court, the habeas petition will be dismissed based on Alward's failure to exhaust the available administrative remedies before proceeding to federal court.

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the Warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See* 28 C.F.R. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *See* 28 C.F.R. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue

4

presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982).

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY"). In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief. (Doc. 30-4).

Alward's Administrative Remedy Generalized Retrieval report reveals that he filed 16 administrative remedies while in BOP custody. (Doc. 30-4). The report conclusively shows that none of those 16 administrative remedies concern the computation of Alward's state or federal sentences. (Doc. 30-4). Alward concedes that he did not exhaust administrative remedies with regard to his present claims. (Doc. 1, at 2-3). He has not set forth any argument that he should be excused from exhausting administrative remedies. Because Alward did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed. *See Moscato*, 98 F.3d at 762.

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus. (Doc. 1). An appropriate Order shall issue.

Dated: July 9, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**